IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER BELBACK, | ) | |
| | ) | Civil Action No. 2:17-cv-1222 |
| Plaintiff, | ) | |
| | ) | United States Magistrate Judge |
| v. | ) | Cynthia Reed Eddy |
| | ) | |
| JOSEPH BARNER, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OPINION[1]**

Before the Court is Defendant's motion to dismiss with brief in support (ECF Nos. 18 and 19). After careful consideration of the motion and brief, in light of the standards governing motions to dismiss set forth by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009), and as articulated in United States Court of Appeals Third Circuit precedent, *see, e.g., Connelly v. Lane Const. Corp.,* 809 F.3d 780, 790 (3d Cir. 2016), and for the following reasons, the motion will be denied.

Background

Plaintiff Chester Belback ("Plaintiff" or "Belback") is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") currently confined at SCI - Forest. The events giving rise to this lawsuit occurred while Plaintiff was incarcerated at SCI-Greene. Through his Complaint, Plaintiff alleges that he was subjected to sexual harassment by Defendant Joseph Barner.

---

[1] All served parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636, et. seq.; Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 6 and 15).

1

For purposes of resolving the pending motion, the facts as alleged in the complaint, are viewed in the light most favorable to Plaintiff, and liberally construed. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Pro se pleadings, however "inartfully pleaded" must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines,* 404 U.S. at 520-21. Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

Discussion

Plaintiff contends that Defendant engaged in sexual harassment when he conducted routine pat searches during the month of June 2016, and when he poked Plaintiff's backside with a pen on July 6, 2016. Specifically, Plaintiff alleges that during the month of June, 2016, while he was leaving the maintenance department, Defendant Barner would conduct the pat search and:

> he would reach around and squeeze or caress my chest like I had female breast. Mr. Barner would also squeeze or caress my buttocks, and at times put his hand in between my legs and swipe his hand up in the crack of my buttocks. . . . On 7-6-16, Mr. Joseph Barner poked me in my buttocks with his pen as he was sitting at his desk. . . .

Plaintiff reported the July 6, 2016, incident to the paint shop supervisor and to his Unit Manager, who both filled out an incident report, and Plaintiff completed a PREA report. In October 2016, Plaintiff was notified that after a PREA investigation his allegation had been substantiated and a local separation order would be put in place. Plaintiff subsequently was transferred to SCI-Forest.

Defendant filed the instant motion to dismiss (ECF No. 18), arguing that Plaintiff has failed to state a claim upon which relief may be granted. Despite having been granted ample time to do so, Plaintiff has failed to file a response to the motion. This matter is now ripe for consideration.

2

Defendant moves for dismissal of the claims against him arguing that Plaintiff has failed to state a constitutional claim because the allegations regarding Defendant Barner's conduct do not come close to describing physical contact or assault which could satisfy the objective component of the Eighth Amendment.

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825 (1991). The Eighth Amendment prohibits conditions of confinement that violate "evolving standards of decency" or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Among the guarantees associated with Eighth Amendment protection is the right to "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (quoting *Farmer*, 511 U.S. at 832).

"To prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Vault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Although sexual abuse of a prisoner by a correctional officer serves no legitimate penological purpose, courts of appeals have held that sexual harassment in the absence of contact or touching does not establish an Eighth Amendment violation. *See, e.g., Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Verbal harassment, including lewd comments, sexual propositioning, and the like, is not sufficient to satisfy the objective element of an Eighth Amendment sexual harassment claim. *Manon v. Garrison*, 2012 WL 3542328 (M.D. Pa. Aug. 15, 2012). Rather, physical sexual assault or threats of physical assault is required for the objective element to be met. *Chambliss v. Jones*,

2015 WL 328064 (M.D. Pa. Jan. 26, 2015).[2] Here, Plaintiff alleges much more than mere verbal harassment. He alleges that throughout the month of June 2016, Defendant Barner repeatedly touched him in "a sexually suggestive manner" during pat searches and that on July 6, 2016, Defendant Barner "poked [him] in [his] buttocks with his pen as he was sitting at his desk." Complaint, at ¶ IV(C).

The Court finds that Plaintiff has alleged enough to create a plausible Eighth Amendment claim. The Court recognizes that discovery may well reveal that the alleged conduct does not give rise to an Eighth Amendment claim, but at this early stage of the litigation, the allegations of the Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor.

An appropriate Order follows.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: CHESTER BELBACK
MA7223
SCI Forest
PO Box 945
Marienville, PA 16239
(via U.S. First Class Mail)

Yana L. Warshafsky
Office of the Attorney General
(via ECF electronic notification)

---

[2] Although the Court of Appeals for the Third Circuit "has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate, other federal courts have held that "sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction" as is required to state a claim for a constitutional violation. *Chambliss v. Jones*, 2015 WL 328064, at *3 (M.D.Pa. Jan. 26, 2015) (citations omitted).